UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES ROBERT WEBB, JR.,

     Petitioner,

          v.                           Civil No. 12-cv-676-JPG

UNITED STATES OF AMERICA,           Criminal No. 03-cr-40054-JPG

     Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner James Robert Webb, Jr.'s motion to vacate, set aside or correct his supervised release revocation sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   On February 13, 2004, the petitioner pled guilty to possessing a stolen firearm in violation of 18 U.S.C. § 922(j) and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).   On May 14, 2004, the Court sentenced the petitioner to serve 96 months in prison.   The petitioner served his sentence and was released to supervised release in December 2010.

Webb did not abide by the terms of his supervised release.   On October 28, 2011, the Court revoked Webb's supervised release after he admitted he violated the terms of his release by making false statements, possessing synthetic cannabis on four occasions, possessing marihuana, failing to report for drug testing on two occasions and failing to attend drug treatment counseling on two occasions.   The Court sentenced Webb to serve 24 months in prison.   He did not appeal that sentence.

On June 1, 2012, Webb filed the pending § 2255 motion raising the following claims:

- His counsel in the revocation proceedings was ineffective for failing to argue that Webb's most serious violations were Grade C, not Grade B, violations;

- The Court erred in finding possession of synthetic cannabis and marihuana was a felony where the amount possessed was under 28 grams; and

- The Court erred in finding possession of synthetic cannabis was illegal prior to January 2012, in punishing Webb for it since it was freely available over the counter from many gas stations, and in finding Webb lied to his probation officer about possessing synthetic cannabis.

Ineffective Assistance of Counsel

Webb's first ground, ineffective assistance of counsel, has no merit.   The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."   U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970);   *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).   A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.   *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984);   *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011);   *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010);   *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Webb's counsel's performance did not fall below objective standards for reasonably effective representation because his most serious violations were, indeed, Grade B violations. Defense counsel is not deficient for failing to make a frivolous or losing argument, *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005);   *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).

The United States Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.1(b) provides that,

2

where there are multiple violations, the grade of the violation for sentencing purposes is

determined by the violation having the most serious grade.   A Grade B violation is "conduct

constituting any other federal, state, or local offense punishable by a term of imprisonment

exceeding one year."   U.S.S.G. § 7B1.1(a)(2).   Thus, if any of Webb's violations were Grade B,

Grade B should have been used to determine his sentencing guideline range and statutory

maximum, and his counsel was not deficient for failing to argue otherwise.

   *False Statement*

   It is clear that the first violation Webb admitted – making a false statement to his probation

officer – constitutes a federal offense under 18 U.S.C. § 1001.   That statute states, in pertinent

part, "Except as otherwise provided in this section, whoever, in any matter within the jurisdiction

of the . . . judicial branch of the Government of the United States, knowingly and willfully . . .

makes any materially false, fictitious, or fraudulent statement or representation. . . shall be . . .

imprisoned not more than 5 years."   That offense, as stated in the statute, is punishable by a term

of imprisonment that exceeds one year.   Thus, Webb's making a false statement to his probation

officer constitutes a Grade B violation of his terms of supervised release.

   *Marihuana*

   Webb is right that, generally, the possession of personal use amounts of marihuana is not

punishable under federal or state law by a term of imprisonment exceeding one year and therefore

amounts only to a Grade C violation.   *See* 21 U.S.C. § 844a(a) (imposing civil fine for personal

use amounts);   *United States v. Trotter*, 270 F.3d 1150, 1151 (7th Cir. 2001).   However, if an

offender has been convicted of a drug offense, as Webb has been, his penalties are not determined

by 21 U.S.C. § 844a(a) but by U.S.C. § 844(a).   *See* 21 U.S.C. § 844a(c) (civil fine not available

3

for those with prior drug convictions);   *Trotter*, 270 F.3d at 1151-52.   That statute provides a punishment of up to two years in prison if the offender has one prior drug conviction and up to three years if the offender has two or more prior drug convictions.   Webb has at least one prior drug conviction – a 1993 Illinois state court conviction for unlawful delivery of more than 30 grams but less than 500 grams of cannabis.   *See* Presentence Investigation Report at ¶ 40.   Thus, his possession of even personal use quantities of marihuana is punishable by more than one year and constitutes a Grade B violation.

Because Webb's making a false statement and possessing marihuana were both Grade B violations and justified the sentence imposed, the Court need not address whether possession of synthetic cannabis also constitutes a Grade B violation.

For the foregoing reasons, counsel was not deficient for failing to argue the admitted allegations did not amount to a Grade B violation.   Webb also suffered no prejudice from his counsel's performance.   Even if Webb's counsel had argued to the Court that the foregoing violations fell into the Grade C category, for the reasons set forth above, the Court would have rejected that argument and would have sentenced Webb based on any or all of the Grade B violations.

Sentencing Errors

Webb's remaining challenges are not cognizable in a § 2255 proceeding.   The Court must grant a § 2255 motion when petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.   However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."   *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).   "Relief under § 2255 is available only for errors of constitutional or jurisdictional

magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."   *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).   A petitioner cannot raise in a § 2255 motion nonconstitutional issues that he could have but did not raise on direct appeal.   *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009);   *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

Webb argues that the Court erred in finding (1) that possession of less than 28 grams of synthetic cannabis or marihuana was a felony, (2) that possession of synthetic cannabis was illegal prior to January 2012, and (3) that Webb lied to his probation officer about possessing synthetic cannabis.   These are run-of-the-mill nonconstitutional arguments that should have been raised on a direct appeal, not in a § 2255 motion.

For the foregoing reasons, the Court **DISMISSES** Webb's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), finding that, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, it plainly appears from Webb's petition and the record in his prior criminal proceedings that Webb is not entitled to relief.   The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   November 16, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5